(xreeN, J.
delivered the opinion of the court.
This is an action of debt for .two hundred and thirty-eight dollars eight cents, brought on a forfeited delivery bond. The declaration alleges that the defendants, together with another who is not sued, executed their writing obligatory to John B. Mosely, sheriff of Shelby county, for the use of the plaintiffs, whereby they bound themselves in the sum of two hundred and thirty-eight dollars eight cents, conditioned, that whenever said sheriff had levied an execution in his hands, in favor of the plaintiffs against said Turnage, J. Ruffin and G. J. Slaughter, for one hundred and nineteen dollars and costs, on a negro boy John, of the value of two hundred and thirty-eight dollars eight cents; and if said negro boy should be delivered to the officer to be sold on the 3rd day of January, 1848, at the court house, or if said debt should be paid before said day of sale, then the said obligation to be void. And the plaintiffs aver that the said debt was not paid, nor the property delivered, nor has the sum of money in the written obligatory, aforesaid, been paid; wherefore they have sustained damages, &c. To this declaration the defendants pleaded the same facts stated in the declaration, viz, the execution of the bond, the condition, and forfeiture thereof; and add, that said bond was returned to the court with the execution, and thereby had the force and effect of a judgment, and became and was a judgment. To this plea the *688 plaintiffj demurred. The question upon demurrer is, whether an action can be maintained upon a forfeited delivery bond. The counsel for the defendants insist that it cannot; because, they say, such forfeited bond has the force and effect of a judgment, and that its character as a common law obligation, is merged in the judgment, which it became by reason of the forfeiture. We do not perceive the force of this reasoning. If by statute, a greater effect is given to the bond, than it has at common law, so that an execution may issue upon it, as upon a judgment, that does not destroy the right of action upon it; because an action of debt may be brought on a judgment. If it be regarded as a judgment, and the party desires to sue on this quasi - judgment, how could he otherwise declare than he has done ? Certainly it would be necessary for him to describe the bond, as he has done, and to make the averment contained in this declaration. Nor could it be deemed necessary that he should further aver that the bond so executed and forfeited has the force and effect of a judgment. But there is no necessity for any refinement of reasoning on this subject. The act of 1831, ch. 23, sec. 3, declares, that “ said delivery bond, if forfeited, as provided in this act, shall be in the hands of the sheriff, or other officer holding the same, a sufficient warrant, or authority to him to proceed and levy and sell so much of the property of said securities, as will satisfy so much of said debt as they may be liable for, as herein before provided in this act, and shall also be a sufficient warrant or authority to the clerk or justice to whom the same may be returned, to issue an alias or fluries execution, as the case may be, against the defendants to the judgment, and against the securities in said *689 delivery bond, as herein before provided in this act, without any judgment upon said return made as aforesaid.” The only effect of this act is to give the officer having the execution, the right to levy on the property of the sureties, and if it shall be returned, to authorise the issuance of an execution against the sureties without a judgment. True it has for this purpose, the force and effect of a judgment; but it is still the obligation of the parties, and the summary remedy given upon it by statute, does not impair or take away the common law remedy. Reverse the judgment.